1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3  Larry G. Philpot,                                     Case No.: 2:20-cv-00824-JAD-EJY

4          Plaintiff

5  v.                                                   **Order Denying Defendant's Motion to Dismiss**

6  Citizen Outreach Foundation, Inc.,                   [ECF No. 8]

7          Defendant

8          After taking a photograph of Ted Nugent at a concert, plaintiff Larry Philpot copyrighted

9  his work and uploaded it to Wikimedia's website under a creative-commons license, permitting

10 others to distribute, display, and use his photograph so long as they attributed it to him.[1]  But

11 defendant Citizen Outreach Foundation, Inc. used Philpot's photograph, without attribution, in

12 an online article discussing celebrities who supported then-President Donald Trump.[2]  So Philpot

13 sues Citizen Outreach for copyright infringement under the Copyright Act.[3]  Citizen Outreach

14 now seeks to dismiss Philpot's suit, arguing that its publication of the photograph falls within the

15 fair-use doctrine's protective ambit.[4]  Because the undisputed facts and pleadings do not support

16 Citizen Outreach's affirmative defense, I deny its motion to dismiss.

17                                              **Discussion**

18         Under 17 U.S.C. § 107, "the fair use of a copyrighted work . . . for purposes such as

19 criticism, comment, news reporting, teaching . . . , scholarship, or research, is not an

20 infringement of copyright."  This affirmative defense presents "a mixed question of law and

21

22 [1] ECF No. 1 at ¶¶ 9, 23–28 (complaint).

   [2] *Id.* at ¶¶ 30–31; 1-6 at 2.

23 [3] *See generally* ECF No. 1.

   [4] ECF No. 8 (motion to dismiss).

1  fact" that presumes "that unauthorized copying has occurred" and addresses whether that

2  copying "was fair."[5]  The Copyright Act directs courts to consider four non-exclusive factors in

3  assessing fair use: (1) the "purpose and character of the use, including whether such use is of a

4  commercial nature or is for nonprofit educational purposes;" (2) the "nature of the copyrighted

5  work;" (3) the "amount and substantiality of the portion used in relation to the copyrighted work

6  as a whole;" and (4) the "effect of the use upon the potential market for or value of the

7  copyrighted work."[6]  While courts can (albeit rarely) consider this affirmative defense on a

8  motion to dismiss, the defendant bears the burden of demonstrating, based on undisputed facts,

9  that its use of the copyrighted material fell within the fair-use doctrine's protection.[7]

10       Citizen Outreach has failed to meet its burden of demonstrating fair use of Philpot's

11  photograph.  There's little doubt that the photograph merits robust copyright protection because

12  it is a "creative, aesthetic expression of a scene or image" and not merely a "factual" depiction of

13  an event.[8]  And while "news reporting is an example of fair use, it is not sufficient itself to

14  sustain a per se finding of fair use."[9]  Instead, defendants must generally show that they have

15  transformed the copyrighted work, "add[ing] something new, with a further purpose or different

16

---

17  [5] *Monge v. Maya Mags., Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012) (citing *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003); *see also Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985).

18

19  [6] 17 U.S.C. § 107; *see also Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 576–77 (1994).

20  [7] *Cf.*, *Fisher v. Dees*, 794 F.2d 432, 435–36 (9th Cir. 1986) (finding fair use where the operative facts were undisputed or assumed; the court is to make fair-use judgments, which "are legal in nature"); *Monge*, 688 F.3d at 1170 ("As with all affirmative defenses . . . the defendant bears the burden of proof."); *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1403 (9th Cir. 1997) (noting the difficulty of assessing a fair-use defense where defendants cannot submit evidence on important parts of the claim).

21

22  [8] *Monge*, 688 F.3d at 1177.  Philpot alleges that he made several creative choices in taking this photograph, which I take as true at this stage of the litigation.  *See* ECF No. 1 at ¶ 14.

23  [9] *Monge*, 688 F.3d at 1173.

character, altering the first with new expression, meaning[,] or message."[10]  Although Citizen

Outreach defends its website's purpose, it fails entirely to demonstrate how its use of Philpot's

exact photo, without alteration or addition, "serves a different function than the original work."[11]

And courts have consistently held that news reporting must be about the work in question, as

opposed to the subject of the work, to constitute fair use.[12]  Finally, Citizen Outreach only offers

factual disputes and hypotheticals to assert that its use of the photograph was not for commercial

purposes and had no effect on the marketability of the photograph—arguments that are plainly

belied by the documents attached to the complaint,[13] which indicate that Citizen Outreach may

have received advertising revenue from the publication.[14]  These facts, taken as true, thus cannot

support Citizen Outreach's affirmative defense.

Citizen Outreach's claim that it made a good-faith mistake, and its reliance on inapposite

and out-of-circuit precedent, does not alter my conclusion.  "[T]he innocent intent of the

defendant constitutes no defense to liability" under the Copyright Act.[15]  And the Fourth

---

[10] *Campbell*, 510 U.S. at 579.

[11] *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1165 (9th Cir. 2007).

[12] *Cf.*, *Harper & Row, Publishers, Inc.*, 471 U.S. 539 at 557 ("The promise of copyright would be an empty one if it could be avoided merely by dubbing the infringement a fair use 'news report' of the book."); *Monge*, 688 F.3d at 1176 ("Maya's use—wholesale copying sprinkled with written commentary—was at best minimally transformative.").

[13] *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (noting that a court may "consider materials that are submitted with and attached to the complaint" when considering a Rule 12(b)(6) motion).

[14] *See* ECF Nos. 10 at 9; 1-6; *Dr. Seuss Enters., L.P.*, 109 F.3d at 1403 ("Since fair use is an affirmative defense, [the defendants] must bring forward favorable evidence about relevant markets.  Given their failure to submit evidence on this point . . . we conclude that 'it is impossible to deal with the fourth factor except by recognizing that a silent record on an important factor bearing on fair use disentitle[s] the proponent of the defense.'" (citation omitted) (alteration in original)).

[15] *Monge*, 688 F.3d at 1170.

Circuit's decision in *Brammer v. Violent Hues Productions, LLC*, cuts against Citizen Outreach's argument: there, as here, the court held that the defendant's unauthorized use of a copyrighted photo in a list of images of tourist attractions was not fair use.[16]  The Ninth Circuit's decision in *Erickson Productions, Inc. v. Kast* is similarly unavailing because it dealt with vicarious liability in a copyright-infringement case, assessing whether and how a third party might be liable for another's copyright violations.[17]  That analysis is entirely irrelevant here.  So I deny Citizen Outreach's motion to dismiss.

## Conclusion

IT IS THEREFORE ORDERED that defendant Citizen Outreach's motion to dismiss **[ECF No. 8] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 3, 2021

---

[16] *Brammer v. Violent Hues Prods., LLC*, 922 F.3d 255, 263–65 (4th Cir. 2019).

[17] *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 830 (9th Cir. 2019).